UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOCTRELL BATTLE, | : |
| Plaintiff, | : Civ. No. 15-7037 (KM) (JBC) |
| v. | : |
| JILL O'MALLEY, et al., | : **OPINION** |
| Defendants. | : |

**KEVIN MCNULTY, U.S.D.J.**

Plaintiff, Todd Carter, is currently a pretrial detainee at the Union County Jail in Elizabeth, New Jersey. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. *See* L.Civ.R. 5.1(f). The filing fee for a civil complaint is $400.00. If a prisoner-plaintiff is proceeding *in forma pauperis*, the fee is $350.00, subject to being paid in instalments as described below. The Clerk has received the complaint, but it will not be filed unless and until the plaintiff has either paid the full filing fee or been granted *in forma pauperis* status.

A prisoner who seeks to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was confined in that six-month period. *See id.*; *see also* L.Civ.R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint .

. . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee of $350.00. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

In this case, plaintiff has not paid the $400.00 filing fee. Furthermore, plaintiff's application to proceed *in forma pauperis* is incomplete. Plaintiff's prisoner account statement has not been certified by the appropriate prison official pursuant to L.Civ.R. 81.2(b). Therefore, his

application to proceed *in forma pauperis* will be denied without prejudice and the Clerk will be ordered to administratively close the case. Plaintiff may reopen this action, however, by either paying the filing fee or submitting a complete *in forma pauperis* application.

Dated: September 29, 2015

_____
KEVIN MCNULTY
United States District Judge