UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOCHTRELL BATTLE, et al., | |
| Plaintiff, | Civ. No. 15-7037 (KM) (JBC) |
| v. | |
| JILL O'MALLEY, et al., | OPINION |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J**.

## I. INTRODUCTION

The plaintiffs named in this case are Kochtrell Battle and "Inmates of Union County Corrections." Mr. Battle, currently a pretrial detainee at the Union County Jail in Elizabeth, New Jersey, sues under 42 U.S.C. § 1983. Previously, this matter was administratively terminated because Mr. Battle's *in forma pauperis* application was incomplete. He has now submitted a completed application to proceed *in forma pauperis*. The Clerk will be ordered to reopen this case and the application to proceed *in forma pauperis* will be granted based on the information provided therein.

The Court must now review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Court will abstain under *Younger v. Harris*, 401 U.S. 91 (1971), from hearing claims arising from the ongoing State criminal proceedings; it will dismiss with prejudice any putative class claims brought by Mr. Battle *pro se* on behalf of other inmates; and will otherwise dismiss the complaint without prejudice.

## II. BACKGROUND

The allegations of this Section 1983 civil rights complaint are construed as true for purposes of this Opinion. The plaintiffs name three defendants in the complaint: (1) Jill O'Malley – Acting Assisting Prosecutor; (2) Grace Park – Acting Head Prosecutor; and (3) the "Union County Criminal Justice System." (The clerk has listed this defendant on the docket as the Union County Prosecutor's Office; because the other two defendants are individual prosecutors, I assume that is what was intended.).

Mr. Battle states that he was arrested and charged with unlawful possession of a weapon. He was indicted on June 26, 2015, by the Union County Prosecutor: specifically, Acting Assistant Prosecutor O'Malley. The complaint asserts that the gun he was accused of possessing was missing a barrel and a push-rod, and therefore was not operable. The grand jury allegedly was not provided with any ballistics report. The complaint alleges that the prosecutor withheld exculpatory evidence, in the form of a ballistics report showing that the gun was not operable. The complaint acknowledges, however, that Mr. Battle he has now received a copy of that report from his attorney. The state criminal proceedings are ongoing; it seems that a motion to suppress evidence, filed by Mr. Battle's attorney, is pending. The complaint also appears to allege that Union County Jail unfairly limits access to the phone system and the prison law library.

Mr. Battle seeks "immediate release" and "monetary restitution," as well as other, more general relief, in the form of reform of the criminal justice system.

## III. LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

2

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard,* 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States,* 287 F.

App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## IV. DISCUSSION

A. <u>Mr. Battle's Claims Related to Ongoing State Criminal Proceeding</u>

Mr. Battle's claims primarily relate to his ongoing state criminal proceedings. He claims that the prosecutor has withheld evidence that the gun was inoperable, and that the grand jury was not properly provided with a ballistics report. Under the abstention doctrine of *Younger v. Harris,* 401 U.S. 91 (1971), there is a "'longstanding public policy against federal court interference with state court proceedings' [that] generally requires federal courts to abstain from involvement in state criminal proceedings." *Duran v. Weeks,* 399 F. App'x 756, 758 (3d Cir.

2010) (quoting *Younger*, 401 U.S. at 43-44) (citing *Coruzzi v. New Jersey*, 705 F.2d 688, 690 (3d Cir. 1983)). "'Abstention under Younger is appropriate only if (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.'" *Id.* (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).

As Mr. Battle's complaint makes clear, he is in the midst of ongoing criminal proceedings. This state criminal proceeding implicates important state interests. *See id.* ("The criminal proceedings against Duran are ongoing and implicate the State of New Jersey's important interest in bringing to justice those who violate its criminal laws.") (citing *Younger*, 401 U.S. at 51-52). Furthermore, Mr. Battle has the opportunity to raise his claims in those state criminal proceedings, and it appears he has already done so by filing a motion to suppress. Additionally, to the extent that Mr. Battle believes that the prosecutors have withheld evidence, he can address that matter before the state court. *See id; Brady v. Maryland*, 373 U.S. 83 (1963)(prosecutor's duty to turn over exculpatory evidence).

It would be premature and contrary to the spirit of federalism for this Court to consider claims based on a ballistics report that has now been received, anticipated rulings that may or may not occur, or charges of which Mr. Battle may be acquitted. Accordingly, I will abstain under *Younger* from deciding any claims arising from the ongoing state criminal proceedings. Those claims will be dismissed without prejudice to being raised at the proper time.

B. Access to Phones

Mr. Battle also complains about limitations of his access to the telephone while incarcerated. The gist of his claim is that the prison requires "prepaid connections of $25 dollars"

for calls to "attorneys and help agencies." (Dkt. No. 1 at p. 11)[1] Mr. Battle believes that simply selling prepaid phone cards in the commissary would be preferable.

"The constitutional right at issue has been described as the right to communicate with people outside prison walls, and a 'telephone provides a means of exercising this right.'" *Almahdi v. Ashcroft*, 310 F. App'x 519, 521-22 (3d Cir. 2009) (quoting *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002)). Nevertheless, "prisoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights." *Id.* at 522 (citing *Washington v. Reno*, 35 F.3d 1093, 1099-1100 (6th Cir. 1994)). Thus, "a prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" *Id.* (quoting *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)). Furthermore, courts have stated that where a prisoner plaintiff has alternative means of communicating with persons outside of the prison—by mail, for example—denial of telephone access does not violate the Constitution. *See id.* ("Almahdi makes no assertion – and there is no evidence – that he lacked alternative means of communicating with persons outside the prison . . . . Accordingly the telephone restrictions did not violate the First Amendment.") (internal citation omitted); *see also Johnson v Bledsoe*, No. 12-0097, 2012 WL 258680, at *2 (M.D. Pa. Jan. 27, 2012) ("More recent decisions have concluded that where an inmate has available, alternative means of communicating with the outside world, i.e., mail privileges, a § 1983 action alleging improper denial of telephone access was subject to dismissal.") (citing *Acosta v. McGrady*, No. 96-2874, 1999 WL 158471, at *7 (E.D. Pa. Mar. 22, 1999); *Pitsley v. Ricks*, No. 96-0372, 2000 WL 262023, at *5 (N.D.N.Y. Mar. 31, 2000); *Ingalls v. Florio*, 968 F. Supp. 193, 203 (D.N.J. 1997)).

---

[1] Although this is a single sentence within the "Relief" section of the complaint, I will liberally construe it as a claim.

In determining whether a plaintiff has stated a claim of inadequate access to the telephone, then, "the Court must determine: (a) whether the telephone restrictions asserted by Plaintiff violated Plaintiff's right by falling outside reasonable limitations associated with rational penological interests; and (b) whether Plaintiff had alternative means to communicate with his family members, e.g. by mail or their visits to prison." *Johnson v. Demico*, No. 10-2265, 2011 WL 2181117, at *4 (D.N.J. June 1, 2011).

The complaint states that "inmates need access to . . . a phone system that allows calls to attorney and help agencies without prepaid connections of $25 dollars to those numbers." The Constitution does not require phone access free of charge, and plaintiff makes no such claim. The allegations of the complaint do not provide the Court with facts suggesting that requiring a $25 prepaid connection (on its own or in comparison to selling prepaid phone cards) unfairly restricts plaintiff's phone access. Nor does it state how this single restriction made it "impossible" for Mr. Battle to communicate with others outside of prison. The complaint does not allege, for example, that he could not communicate with persons outside the prison by mail or in-person visits. *Accord Almahdi*, 310 F. App'x at 522; *Johnson*, 2011 WL 2181117 at *4. As to Mr. Battle's attorney in particular, the complaint itself describes ongoing conversations between the two about case strategy and discovery matters. [2]

This claim falls short of the plausibility standard articulated in *Iqbal*. The telephone use claim of the complaint fails to state a claim upon which relief can be granted. It will therefore be dismissed without prejudice.

---

[2]   Viewed as an access-to-courts claim, the allegations also fail. Mr. Battle fails to identify any actual injury he has suffered as a result of his alleged inability to adequately communicate with his attorney. *Accord Aruanno v. Main*, 467 F. App'x 134, 137 (3d Cir. 2012) (agreeing with the District Court's dismissal of an access to courts claim where the plaintiff did not identify an actual injury he suffered as a result of the alleged inability to communicate with counsel).

C. <u>Access to Law Library</u>

The complaint states that "inmates need access to the law library." (Dkt. No. 1 at p. 11) Inadequate access to a law library may, under certain circumstances, impair a prisoner's right of access to the courts.[3]

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06 (citing *Christopher*, 536 U.S. at 416-17) (footnote omitted).

Here, the complaint does not describe any limitations on access to the law library. It does not state that any such limitations have impaired Mr. Battle's ability to assist his attorney in his defense. It does not identify any arguable legal claim that Mr. Battle has sacrificed as a result of such limitations. And the complaint does acknowledge, for example, that Mr. Battle's defense attorney has filed a motion to suppress evidence on his behalf.

---

[3] The quoted claim is actually a single phrase within the "Relief" section of the complaint. I will interpret it very liberally as an attempt to assert a claim that diminished access to the library has unconstitutionally denied Mr. Battle access to the courts. *See generally O'Connell v. Williams*, 241 F. App'x 55, 57 (3d Cir. 2007) (per curiam) (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).

8

In short, the complaint fails to describe any limitation on law library access or to identify any "actual injury" Mr. Battle has suffered as a result. *See Aruanno*, 467 F. App'x at 137 (affirming district court's dismissal of an access to courts claim where the plaintiff did not identify an actual injury he suffered). This claim, to the extent it may have been intended, will therefore be dismissed without prejudice.

### D. The Inmates of Union County Corrections

The complaint names the "Inmates of Union County Corrections" as Mr. Battle's co-plaintiffs. I interpret that as an attempt to bring this case as a class action on behalf of Mr. Battle's fellow inmates. But "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates." *See Alexander v. New Jersey State Parole Bd.*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)). The action, insofar as it is brought by Mr. Battle, *pro se,* on behalf of inmates other than himself, is therefore dismissed.

### V. CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Claims based on the ongoing state criminal case may, if appropriate, be brought at the conclusion of that case. As to the telephone and law library claims, Mr. Battle may attempt to amend his complaint to assert viable claims on his own behalf. Any *pro se* claims on behalf of other inmates, however, are dismissed with prejudice.

Dated: November 23, 2015

_____
KEVIN MCNULTY
United States District Judge